UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RYAN DAVIS,

Plaintiff,

      -against-

CITY OF NEW YORK, PHILIP VACCARINO, Individually,
JOHN MATTINA, Individually, MICHAEL FRIEDMAN,
Individually, MICHAEL FAHMY, Individually,
PAUL FARELLA, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

17 CV 3756 (BMC)

<u>Jury Trial Demanded</u>

      Plaintiff RYAN DAVIS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RYAN DAVIS is a twenty-six-year-old man residing in Staten Island,

New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned municipal

corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, PHILIP

VACCARINO, JOHN MATTINA, MICHAEL FRIEDMAN, MICHAEL FAHMY, PAUL

FARELLA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their official

duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the

City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On March 23, 2016, at approximately 5:45 p.m., plaintiff was lawfully operating a motor vehicle in the vicinity of 205 Dover Green, Staten Island, New York, when he was pulled over without justification by defendant NYPD officers, defendant detectives PHILIP VACCARINO and MICHAEL FRIEDMAN, who were assigned to Narcotics Borough of Staten Island.

13.     Upon approaching plaintiff's motor vehicle, the defendant officer who approached plaintiff's driver's side window asked for plaintiff's license, registration, and insurance.

14.     Plaintiff provided his license, but before he could reach for his registration and insurance, plaintiff was ordered out of his vehicle without cause or legal justification.

15.     The defendant officers then unlawfully searched plaintiff and his motor vehicle.

16.     Around this time, additional defendant officers, believed to include defendants JOHN MATTINA, MICHAEL FAHMY, and Sergeant PAUL FARELLA arrived on scene.

17.     The defendants discovered no contraband on plaintiff or in plaintiff's vehicle.

18.     Despite the fact that plaintiff was not in possession of any contraband, plaintiff was handcuffed, arrested, and imprisoned in a NYPD prisoner van for over an hour while the defendant officers transporting him, believed to be VACCARINO and FRIEDMAN, continued on patrol, before ultimately transporting plaintiff to a police precinct and thereafter to the 120th Police Precinct, where he was held overnight in jail.

19.     The defendant officers continued to unlawfully imprison plaintiff until March 24, 2016, when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2016RI002377; said charges having been filed based on the false allegations of the defendant officers which were conveyed to the Richmond County District Attorney's Office.

20.     The defendant officers initiated said prosecution with malice.

21.     VACCARINO created and manufactured false evidence against plaintiff and conveyed said evidence to the Richmond County District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

22.     Specifically, VACCARINO swore in a supporting affidavit to the criminal court complaint which was filed under docket number 2016RI002377, that plaintiff purportedly possessed a cigarette laced with PCP in his car and drug paraphernalia on his person.  Both claims were entirely false and, notably, the cigarette was tested in a lab and the results confirmed that the cigarette contained no controlled substances.

23.     As a result of VACCARINO's false claims, plaintiff returned to Richmond County Criminal Court on multiple occasions, until all the false charges lodged against him were adjourned in contemplation of dismissal on January 31, 2017, and were thereafter dismissed and sealed.

24.     Defendant FARELLA supervised defendants VACCARINO, MATTINA, FAHMY, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

25.     Defendants JOHN and JANE DOE 1 through 10 either supervised, participated in, and/or failed to intervene in the above described acts of misconduct.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs

or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests.

27.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

28.     Moreover, in another civil rights action filed in this court involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29.     Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.     For example, the CITY OF NEW YORK is aware through the litigation and settlement of multiple cases that defendant VACCARINO has been sued on at least fourteen other occasions, and that many of these other lawsuits bear striking similarity to the allegations alleged herein.

31.     Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.     All of the aforementioned acts deprived plaintiff RYAN DAVIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

6

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiff RYAN DAVIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiff RYAN DAVIS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiff RYAN DAVIS to be falsely arrested and unlawfully imprisoned.

43.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff RYAN DAVIS.

46.     Defendants utilized this false evidence against plaintiff RYAN DAVIS in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff RYAN DAVIS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

48.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants had an affirmative duty to intervene on behalf of plaintiff RYAN DAVIS, whose constitutional rights were being violated in their presence by other officers.

51.     The defendants failed to intervene to prevent the unlawful conduct described herein.

52.     As a result of the foregoing, plaintiff RYAN DAVIS' liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

53.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RYAN DAVIS' rights as described herein.  In addition, the New York City Police Department has failed to properly train its employees with regard to proper investigatory methods and the probable cause required to make an arrest, and are also aware that many officers engage in falsification in support of improper arrests, and that they make needless arrests for the purpose of obtaining overtime compensation.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RYAN DAVIS.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RYAN DAVIS as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RYAN DAVIS as alleged herein.

63.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RYAN DAVIS was unlawfully arrested and maliciously prosecuted.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RYAN DAVIS' constitutional rights.

65.     All of the foregoing acts by defendants deprived plaintiff RYAN DAVIS of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To be free from the failure to intervene; and

      C.     To receive his right to fair trial.

66.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such

claim as aforesaid.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The defendant officers arrested plaintiff RYAN DAVIS without probable cause.

75.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

76.     As a result of the aforementioned conduct, plaintiff RYAN DAVIS was unlawfully imprisoned in violation of the laws of the State of New York.

77.     As a result of the aforementioned conduct, plaintiff RYAN DAVIS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

78.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

79.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     As a result of the foregoing, plaintiff RYAN DAVIS was placed in apprehension of imminent harmful and offensive bodily contact.

82.     As a result of defendant officers' conduct, plaintiff RYAN DAVIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

84.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendant officers made offensive contact with plaintiff RYAN DAVIS without privilege or consent.

87.     As a result of the defendant officers' conduct, plaintiff RYAN DAVIS has suffered

13

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

89.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff RYAN DAVIS.

92.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff RYAN DAVIS.

96.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

99.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

100.     As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory

15

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of defendant officers' conduct, plaintiff RYAN DAVIS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

103.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104.    As a result of the foregoing, plaintiff RYAN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RYAN DAVIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
         October 2, 2017

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff RYAN DAVIS
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By:    ____s/ Brett Klein_____
                                               BRETT H. KLEIN (BK4744)

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RYAN DAVIS,

                                  Plaintiff,                17 CV 3756 (BMC)


        -against-

CITY OF NEW YORK, PHILIP VACCARINO, Individually,
JOHN MATTINA, Individually, MICHAEL FRIEDMAN,
Individually, MICHAEL FAHM, Individually,
PAUL FARELLA, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                  Defendants.

--------------------------------------------------------------------------------X




**AMENDED COMPLAINT**








**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132